Case 4:13-cv-00762-O Document 20 Filed 12/30/13 Page 1 of 8 PageID 1017

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 30 2013
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRYANT KESSLER JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-762-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Bryant Kessler Jones, a state prisoner currently confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed on exhaustion grounds.

### I. Factual and Procedural History

Petitioner is serving an 80-year sentence for his September 3, 2010, conviction for engaging in organized criminal activity-

murder in Case No. 1207009R in Tarrant County, Texas.[1] (Resp't MTD, App. A) Petitioner appealed his conviction, but the Seventh Court of Appeals of Texas affirmed the trial court's judgment on January 25, 2012. *Jones v. State*, Nos. 07-10-0418-CR and 07-10-0419-CR, 2012 WL 222922 (Tex. App.–Amarillo Jan. 25, 2012).

On March 13, 2013, petitioner filed a state habeas application seeking permission to file an out-of-time petition for discretionary review (PDR), which was granted by the Texas Court of Criminal Appeals on July 24, 2013. (02SHR at cover[2]) *Ex parte Jones*, Nos. WR-79784-01 thru WR-79784-03, 2013 WL 3855587 (Tex. Crim. App. July 24, 2013). *See also* Texas Court of Criminal Appeals's website, *available at* http://www.cca.courts.state.tx.us. Petitioner was directed to file his PDR "within 30 days of the date on which" the state court's mandate issued, or on or before September 18, 2013. (02SHR, "EventDate: 07/24/2013"; "Event code: OPINION ISSD") Instead, petitioner

---

[1] On the same date and in the same court, petitioner was also convicted of murder in Case No. 1207009R and engaging in organized criminal activity – aggravated assault with a deadly weapon in Case No. 1208348R.) See the TDCJ website, "Offender Information Details," at http://offender.tdcj.state.tx.us. Petitioner challenges this conviction in his other pending federal habeas petition in Civil Action No. 4:13-CV-761-O.

[2] "02SHR" refers to the state court record of petitioner's state habeas application No. WR-79,784-02.

2

notified the Texas Court of Criminal Appeals that after reviewing the state court "records and files," he had determined it would be inappropriate to file a PDR raising his ineffective assistance claims, and, on August 21, 2013, he filed a second state habeas application, which remains pending in the Texas Court of Criminal Appeals. (02SHR, "EventDate: 08/21/2013"/"Event code: MISC DOCUMENT RECD") See Texas Court of Criminal Appeals's website, available at http://www.cca.courts.state.tx.us.

This federal petition is deemed filed on August 8, 2013.[3] (Pet. at 10) Petitioner has moved to stay the proceeding pending exhaustion of his state court remedies and to consolidate this case with his other pending federal habeas petition in Civil Action No. 4:13-CV-761-O. (doc. no. 7) Respondent claims the petition should be dismissed without prejudice because petitioner has not yet exhausted his state remedies as to the claims presented. (Resp't Ans. at 4-6) Petitioner concedes he has not yet exhausted his state court remedies but asserts that he is concerned and uncertain about his time for filing a federal petition if the need arises and that he filed this petition "out

---

[3] See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

3

of caution." (Pet'r Mtn to Stay at 2-3)

## II. Exhaustion of State Court Remedies

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[4]; *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999);

---

[4]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   (B)(i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

4

*Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus application pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

Petitioner's state habeas application remains pending at this time, and the Texas Court of Criminal Appeals has had no opportunity to review his claims and render a decision. Accordingly, a ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").

Under these circumstances, a federal court has the discretion to either stay and abate or dismiss the action. *See*

*Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). However, a "petitioner with notice that his claims are, in fact, still pending in state court has no reason to run to federal court and file a federal habeas petition[.]" *Wright v. Thaler*, No. 3:11-CV-1084-K-BH, 2011 WL 2678923, at *3 n.1 (N.D.Tex. June 15, 2011), *rec. adopted*, 2011 WL 2679003 (N.D.Tex. July 7, 2011) (quoting *Williams v. Thaler*, 400 F. App'x 886, 892 (5th Cir. 2010)) (denying motion to stay and abate where petitioner would have five days remaining in the limitations period after his applications are decided). Because petitioner has no reason to believe that his Texas habeas application—if properly filed within the one year limitations period—is not subject to statutory tolling, his motion to stay and abate is unnecessary to protect his ability to file a timely federal habeas application once his state remedies are fully exhausted. *Id.*

In summary, petitioner must first pursue his state court remedies through completion before seeking relief under § 2254.

6

Absent a showing that state remedies are inadequate, such showing not having been demonstrated by petitioner, he cannot now proceed in federal court in habeas corpus. Accordingly, dismissal of this petition for lack of exhaustion is warranted so that petitioner can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[5]

For the reasons discussed herein,

The court ORDERS that the motions of petitioner to stay and abate this cause and to consolidate this cause with Civil Action No. 4:13-CV-761-O be, and are hereby, denied. The court further ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice for failure to exhaust state court remedies, as required by 28 U.S.C. § 2254(b)(1).

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court ORDERS that a certificate

---

[5] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, subject to any applicable tolling. See 28 U.S.C. § 2244(d)(1)-(2).

7

of appealability be, and is hereby, denied, as petitioner has not demonstrated that he has exhausted his state court remedies or made a substantial showing of the denial of a constitutional right.

SIGNED December __30__, 2013.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE